IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIRST FINANCIAL TRUST COMPANY,**
a New Mexico corporation, as Personal
Representative of the Estate of CALVIN LAMY,

        Plaintiff,

vs.                                                                Civ. No. 02-505 DJS/LCS

**BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF TORRANCE, et al.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' six Motions to Dismiss[1] and Defendant Renee Zamora's Notice of Adoption [2] of Defendants Dennis Benavidez' and Jon Phillips' Motions to Dismiss. Docket Nos. 21, 23, 25, 27, 45, 47 and 49. In the various

---

[1] The Court takes this opportunity to disapprove of the motions practice of the Defendants in this case. At the very least, the motions of Defendants County and CCA should have been combined into one motion. Further, the motions of the individual correction officers should have been combined as the only difference in these motions is the name of the individual defendants.

[2] Pursuant to D.N.M.LR-Civ.7.1 a party may adopt another party's motion only with permission of the Court. Defendant Zamora did not request permission of the Court to do so. Plaintiff did not oppose the Notice of Adoption. The Court will *sua sponte* grant permission for Defendant Zamora to adopt Defendants Benazvidez' and Phillips' Motions to Dismiss.

Motions Defendants are seeking a dismissal with prejudice of certain claims against them. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motions will be granted in part and denied in part, as explained below.

Background.

For the purposes of deciding the Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b) the Court assumes the truth of the following facts as pleaded in Plaintiff's First Amended Complaint for Damages for Deprivation of Civil Rights and Wrongful Death. Plaintiff's decedent, Calvin Lamy (Lamy) committed suicide while he was in the custody of the Torrance County Detention Center (TCDC). At the time of his death, Lamy was twenty years old. Plaintiff is the duly appointed Personal Representative of Lamy's Estate.

On April 24, 2001, the United States District Court for the District of New Mexico issued a warrant for Lamy's arrest. Lamy was charged with assaulting another individual on an Indian Reservation and entered a guilty plea on July 5, 2001. Lamy was released pending a sentencing hearing that was scheduled for October 1, 2001. One of the conditions of release was that Lamy was to refrain from any use of alcohol. On August 8, 2001, the conditions of Lamy's release were revoked and he was remanded to the custody of the U.S. Marshal. Lamy was thereafter transported to TCDC for detention. One of the grounds for the Court's Order remanding Lamy into custody was that on or about August 5, 2001, Lamy consumed nine Paxil anti-depressant pills with rubbing alcohol. In doing so, Lamy was attempting to commit suicide. In a Motion to Dismiss the Indictment filed after Lamy's death, the United States Attorney stated that "Mr. Lamy was detained because he

was a danger to himself..."

Officials with the U.S. Marshal's office advised officers, employees and/or agents of TCDC that Lamy posed a suicide risk when they delivered Lamy into the custody of TCDC. When Lamy's psychologist learned that Lamy had been taken to TCDC for detention, he contacted officers, employees and/or agents of TCDC to advise them that Lamy posed a suicide risk. Officers, employees and/or agents of TCDC, left Calvin alone and unsupervised in a jail cell with materials capable of being used for a suicide. On August 9, 2001, Calvin was found hanging from the upper bunk in his cell at TCDC. He used a white sheet that had been cut and secured with tape to make a noose to hang himself. A suicide note was found in his cell. After performing an autopsy, the Office of the Medical Examiner concluded that the manner of Lamy's death was suicide.

The Defendants are as follows: The Board of County Commissioners of the County of Torrance (County) is alleged to be legally responsible for the operation of TCDC. Corrections Corporation of America (CCA) is alleged to operate TCDC. Donald Dorsey (Dorsey) is alleged to have been the Warden of TCDC until mid-2001. Lane Blair (Blair) is alleged to be the Warden of TCDC beginning in mid-2001. Dennis Benavidez (Benavidez), John Phillips (Phillips) and Renee Zamora (Zamora) are alleged to be corrections officers at TCDC during the time period relevant to this action.

Standard of Review.

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting a claim that would entitle him or her to relief. H.J. Inc. v.

Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989)(citation omitted). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts and construe them in favor of the plaintiff. Housing Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187(10th Cir. 1991)(citations omitted) *cert. denied* 504 U.S. 912 (1992). The issue in reviewing the sufficiency of the complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Analysis.

Plaintiff asserts that it does not make any substantive due process claim under the Fourteenth Amendment and does not make any claim for punitive damages under the New Mexico Tort Claims Act. Thus, Defendants' arguments on these issues are moot.

*Defendant Dorsey*

Defendant Dorsey filed an affidavit with his motion to dismiss affirming that he was last employed at the TCDC in November of 2000. The Court will consider this and thus Defendant Dorsey's motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. In response, Plaintiff asserts it needs to do discovery to counter the facts asserted in Dorsey's affidavit. However, the Plaintiff did not file an affidavit pursuant to Fed.R. Civ. P. 56(f) stating the reasons it cannot justify its opposition. Nor has Plaintiff submitted any evidence on this issue since the filing of the motion on August 14, 2002. The event underlying this lawsuit occurred in August of 2001. This is one year and nine months after Defendant Dorsey was employed as the Warden of TCDC. All claims against Defendant Dorsey will be dismissed.

4

*Count II*

In Count II Plaintiff alleges that Defendant Blair, the Warden at the time of Plaintiff's suicide, is personally liable. Under 42 U.S.C. §1983, individual liability must be based on personal involvement in the alleged constitutional violation. Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996). Defendant is correct in arguing that liability under 42 U.S.C. § 1983 cannot be based on a theory of *respondeat superior.* City of Canton v. Harris, 489 U.S. 378, 385 (1989). However, Plaintiff's allegations go beyond *respondeat superior* and allege that Defendant Blair failed to properly train and supervise TCDC correction officers. This allegation is sufficient to state a claim against Blair in his personal capacity as the Warden. Worrel v. Haney, 219 F.3d 1197, 1214 (10th Cir. 2000) *cert. denied* 533 U.S. 916(2001)(a plaintiff must show that "an affirmative link exists between the deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."). Thus, Defendants' motions to dismiss Count II cannot be granted.

*Count III*

In Count III Plaintiff asserts a municipal liability claim against the County, CCA and the individual Defendants in their official capacities.[3] The parties agree that in order to prevail under a §1983 claim based upon an inmate suicide, the Plaintiff must allege and prove that the Defendants were deliberately indifferent to a substantial risk that the inmate

---

[3]Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55(1978). Thus, Plaintiff must prove the same elements against the individuals as it is required to do to succeed against the entities sued.

would commit suicide. <u>Barrie v Grand County</u>, 119 F.3d 862, 866 (10th Cir. 1977). Deliberate indifference is an objective standard which is satisfied if the risk is so obvious that the governmental entity should have known of it. <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1307 n.5 (10th Cir. 1998). Defendants assert that Plaintiff does not assert any allegation, even a conclusory one that the Defendants were deliberately indifferent to a substantial risk that Lamy would commit suicide. However, a reading of Plaintiff's First Amended Complaint clearly shows that Plaintiff has made sufficient allegations of deliberate indifference. Plaintiff allege that Lamy was left alone in his cell, with materials such as tape and a sheet, that were capable of being used for a suicide, despite the fact that officers at TCDC were aware that Lamy had attempted suicide and was considered a suicide risk. More detail is not necessary at the pleading stage. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993)(The Supreme Court rejected the argument that plaintiffs must provide detailed pleadings in §1983 actions against municipal entities).

Furthermore, to prevail on a claim for municipal liability, Plaintiff must allege that the injury was inflicted pursuant to a government policy or custom. <u>Monell</u>, 436 U.S. at 691, 694. ("Although not authorized by written law, persistent and widespread discriminatory practice of state officials could be so permanent and well settled as to constitute a custom or usage with the force of law.") Again, Plaintiff has made sufficient allegations of a policy or custom to survive Defendants' Motions. Plaintiff alleges specific policies or customs of the Defendants which include:

> a. Failure to adequately train TCDC corrections officers in properly monitoring inmates and detainees who posed a suicide risk;
> b. Failure to adequately train TCDC corrections officers in recognizing, and removing from access, implements that could be used in a

>    suicide;
> c. Failure to properly monitor and account for inmates and detainees; and
> d. Failure to ensure that staffing levels were adequate to properly monitor and account for persons detained at TCDC.

First Amended Complaint, ¶33.

Given the liberal standards of pleading and that all inferences must be drawn in Plaintiff's favor, Defendants' motions to dismiss Count III cannot be granted.

*Count IV*

Count IV alleges that all Defendants were negligent under state law. Defendants move for dismissal on the grounds there has been no waiver of immunity under the New Mexico Tort Claims Act (NMTCA).  Under the New Mexico Tort Claims Act, a governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived...N.M.Stat.Ann §41-4-4(A).   Plaintiff relies on §41-4-12 of the NMTCA which states that:

"The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability...when caused by law enforcement officers while acting within the scope of their duties."

Defendants contend that TCDC corrections officers are not "law enforcement officers" for purposes of the NMTCA.  Correction officers and their supervisors at a county jail are law enforcement officers for purposes of §41-4-12.  Methola v. County of Eddy, 95 N.M. 329, 622 P.2d 234, 237 (N.M. 1980); Davis v. Board of County Commissioners of Dona Ana County, 127 N.M. 785, 987 P.2d 1172, 1183 (N.M. Ct. App. 1999)("It is settled New Mexico law that directors of a county detention center, in which inmates are primarily 'accused of a criminal offense' and awaiting trial, fall within the definition of law enforcement

officers under the Act.").

Further, the County and CCA may be held liable for the negligence of TCDC employees. Abalos v. Bernalillo County District Attorney's Office, 105 N.M. 554, 734 P.2d 794, 800 (N.M. Ct. App.), *cert. quashed,* 738 P.2d 907 (N.M. 1987)("If a public employee meets an exception to immunity, then the particular entity that supervises the employee can be named as a defendant in an action under the Tort Claims Act."). Moreover, in this matter there is waiver of immunity for negligent supervision or training. McDermitt v. Corrections Corp. of America, 112 N.M. 247, 814 P.115, 16 (N.M. Ct. App. 1991). Thus, dismissal will be denied as the Court finds that Plaintiff could prove a set of facts entitling him to relief pursuant to the NMTCA.

*Count V*

In Count V, Plaintiff alleges that the Defendants were negligent by creating an unsafe condition on the premises of TCDC. Plaintiffs cite N.M. Stat Ann §41-4-6, which provides that

> "The immunity granted under the Tort Claims Act does not apply to liability ...caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building."

To state a claim for negligence that invokes the building waiver, a plaintiff must allege an actual physical defect or that negligent conduct of public employees in the course of operating and maintaining a building creating a dangerous or unsafe condition. William v. Central Consolidated School Dist., 124 N.M. 488, 952 P.2d 978 (1998); Leithead v. City of Santa Fe, 123 N.M. 353, 954 P.2d 459 (1997). Plaintiff does not allege a physical defect.

To allege negligent operation and maintenance of a prison facility, a plaintiff must allege "a dangerous condition on the premises of the penitentiary and that the danger to the other inmates was foreseeable." Callaway v. N.M. Dept. of Corr., 117 N.M. 637, 874 P.2d 393, 399, *cert. denied*, 118 N.M. 90, 879 P.2d 91 (1994). Plaintiff has made no such allegation. Archibeque v. Moya 116 N.M.616, 619-20, 866 P.2d 344, 347-48 (1993)(Reading Section 41-4-6 to waive immunity every time a public employee's negligence created a risk of harm for a single individual would subvert the purpose of the Tort Claims Act, which recognizes that government, acting for the public good, 'should not have the duty to do everything that might be done,' and limits government liability accordingly.") Thus, Count V will be dismissed.

### Punitive Damages

The allegation that Lamy had attempted suicide prior to his incarceration at TCDC and then committed suicide at TCDC is sufficient to state a claim for punitive damages. Scheuer, 416 U.S. at 236.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motions will be granted in part and denied in part.

**IT IS FURTHER ORDERED** that all claims against Defendant Dorsey are dismissed with prejudice.

**FINALLY, IT IS ORDERED** that all claims in Count V are dismissed with prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**